# EXHIBIT A



Search for Cases by: Select Search Method... ⌄

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print                  Logon

### 20CW-CV00147 - ALFONSO BOLDEN V ARAMARK UNIFORM ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ◉ Descending ○ Ascending          Display Options: All Entries ⌄

---

**02/03/2020**   **Summons Issued-Circuit**
Document ID: 20-SMCM-87, for ARAMARK UNIFORM & CAREER APPAREL LLC.

**01/31/2020**   **Filing Info Sheet eFiling**
**Filed By:** CYRUS C DASHTAKI
**Motion for Change of Venue**
**Filed By:** CYRUS C DASHTAKI
**On Behalf Of:** ALFONSO BOLDEN
**Summons Req-Serv by Mail**
**Filed By:** CYRUS C DASHTAKI
**Pet Filed in Circuit Ct**
**Filed By:** CYRUS C DASHTAKI
**Judge Assigned**

---

Case.net Version 5.14.0.17                  Return to Top of Page                  Released 11/25/2019



# IN THE 13TH JUDICIAL CIRCUIT COURT, CALLAWAY COUNTY, MISSOURI

| Judge or Division:<br>JODIE C ASEL | Case Number: 20CW-CV00147 |
|---|---|
| Plaintiff/Petitioner:<br>ALFONSO BOLDEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CYRUS C DASHTAKI<br>5205 HAMPTON AVE<br>SAINT LOUIS, MO 63109 |
| Defendant/Respondent:<br>ARAMARK UNIFORM & CAREER APPAREL<br>LLC | Court Address:<br>10 E. 5TH ST<br>FULTON, MO 65251 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons for Service by Registered or Certified Mail

The State of Missouri to: **ARAMARK UNIFORM & CAREER APPAREL LLC d/b/a ARAMARK UNIFORM SERVICES**
Alias:

SRV: CT CORPORATION SYSTEM
120 S CENTRAL AVE
CLAYTON, MO 63105

*COURT SEAL OF*

*CALLAWAY COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner, or Plaintiff/Petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

| 2/3/2020 | /s/ Sarah Baker |
|---|---|
| Date Issued | Clerk |

Further Information:

## Certificate of Mailing

I certify that on _____ (date), I mailed a copy of this summons and a copy of the petition to Defendant/Respondent ARAMARK UNIFORM & CAREER APPAREL LLC by registered or certified mail, requesting a return receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

| _____ | _____ |
|---|---|
| Date | Clerk |

OSCA (7-99) SM90 (SMCM) *For Court Use Only:* **Document ID # 20-SMCM-87**          1 of 1          S.C. Form 4; Rule 54.12b, 506.150 RSMo

Case 2:20-cv-04038-NKL   Document 1-1   Filed 03/06/20   Page 3 of 26

Electronically Filed - Callaway - January 31, 2020 - 10:59 AM

IN THE CIRCUIT COURT OF CALLAWAY COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| ALFONSO BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| ARAMARK UNIFORM & CAREER | ) | |
| APPAREL, LLC, d/b/a | ) | |
| ARAMARK UNIFORM SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## APPPLICATION FOR CHANGE OF VENUE

Pursuant to Rule 51.03 of the Missouri Rules of Civil Procedure, Plaintiff Alfonso Bolden ("Plaintiff"), hereby makes application for a change of venue and states as a basis therefor this action is a civil action triable by a jury and is pending in a county having seventy-five thousand or less inhabitants.

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone: (314) 932-7671
Facsimile: (314) 932-7672
Email: cyrus@dashtaki.com

*Attorney for Plaintiff Alfonso Bolden*

Electronically Filed - Callaway - January 31, 2020 - 10:59 AM

IN THE CIRCUIT COURT OF CALLAWAY COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| ALFONSO BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| ARAMARK UNIFORM & CAREER | ) | |
| APPAREL, LLC, d/b/a | ) | |
| ARAMARK UNIFORM SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## REQUEST FOR SUMMONS PURSUANT TO
## RULE 54.16 ACKNOWLEDGEMENT OF SERVICE BY MAIL

COMES NOW Plaintiff, by and through undersigned counsel, and hereby requests the Circuit

Court Clerk issue a summons for service by mail in accordance with Rule 54.16 of the Missouri

Rules of Civil Procedure in this cause on the below named party:

**Aramark Uniform & Career Apparel, LLC, d/b/a Aramark Uniform Services**
**RA: CT Corporation System or Person in charge**
**120 South Central Avenue**
**Clayton, MO 63105**

**Appointed as requested:**
**Kim York, Circuit Clerk**

**By:** _____**Date:** _____

Respectfully Submitted,

/s/ Cyrus Dashtaki_____
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone: (314) 932-7671
Facsimile: (314) 932-7672
Email: cyrus@dashtaki.com

*Attorney for Plaintiff Alfonso Bolden*

Electronically Filed - Callaway - January 31, 2020 - 10:59 AM

IN THE CIRCUIT COURT OF CALLAWAY COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| ALFONSO BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| ARAMARK UNIFORM & CAREER | ) | |
| APPAREL, LLC, d/b/a | ) | |
| ARAMARK UNIFORM SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REQUEST FOR SUMMONS PURSUANT TO</u>
## <u>RULE 54.16 ACKNOWLEDGEMENT OF SERVICE BY MAIL</u>

COMES NOW Plaintiff, by and through undersigned counsel, and hereby requests the Circuit

Court Clerk issue a summons for service by mail in accordance with Rule 54.16 of the Missouri

Rules of Civil Procedure in this cause on the below named party:

**Aramark Uniform & Career Apparel, LLC, d/b/a Aramark Uniform Services**
**RA: CT Corporation System or Person in charge**
**120 South Central Avenue**
**Clayton, MO 63105**

**Appointed as requested:**
Megan Morse, **Circuit Clerk**



**By:** /s/ Sarah Baker, deputy clerk                    **Date:** 2/3/2020

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:  (314) 932-7671
Facsimile:  (314) 932-7672
Email:  cyrus@dashtaki.com

*Attorney for Plaintiff Alfonso Bolden*

Electronically Filed - Callaway - January 31, 2020 - 10:59 AM

IN THE CIRCUIT COURT OF CALLAWAY COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| ALFONSO BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ARAMARK UNIFORM & CAREER | ) | |
| APPAREL, LLC, d/b/a | ) | |
| ARAMARK UNIFORM SERVICES, | ) | |
| | ) | |
| Serve: Registered Agent | ) | |
| C T CORPORATION SYSTEM | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Alfonso Bolden ("Bolden" or "Plaintiff"), by and through undersigned counsel, and for his Petition for Employment Discrimination ("Petition") against Defendants Aramark Uniform & Career Apparel, LLC d/b/a Aramark Uniform Services ("Defendant") states:

## INTRODUCTION

1.   This lawsuit is being brought by Plaintiff Bolden to remedy unlawful discrimination and on the basis of disability in the terms, conditions, and privileges of employment, failure to accommodate disability, and retaliation in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.* and the ADA Amendments Act of 2008 ("ADAAA").

## PARTIES

2.   Bolden is a resident of Boone County, Missouri.

1

3.      At all relevant times, Bolden worked as a Route Sales Representative for Defendant.

4.      Defendant is a foreign corporation registered with the Missouri Secretary of State that is duly organized, established, and existing under and by virtue of the laws of the State of Delaware, with its principal place of business located at 1209 Orange Street, Wilmington, Delaware 19801.

5.      Defendant is responsible for the actions, policies, practices, and customs of its branch locations, including Aramark Uniform Services branch located at 2 West Industrial Road, Fulton, MO 65251. Defendant is also responsible for the hiring, screening, training, supervision, controlling, firing, and disciplining of managers and other employees of its' branch locations.

6.      At all relevant times Bolden was a "qualified individual" as defined by 42 U.S.C. §12111(8) of the ADA. This is because he had been performing all of the essential functions of his job immediately prior to requesting medical leave, and with the reasonable accommodation of medical leave, could have continued to perform all such functions.

7.      Defendant was a covered "employer" as defined in 42 U.S.C. 12111(5)(A) of the ADA at all relevant times. This is because Defendant operated in the uniform services field throughout North America, which affected commerce, and because it had over 500 employees working for it at all times from 2018 to the present.

8.      At all relevant times herein, Bolden was employed by Defendant.

**JURISDICTION AND VENUE**

9.      Defendant's unlawful employment practices complained of herein occurred in Callaway County, Missouri; therefore, jurisdiction and venue are proper in this Court.

2

10.     Bolden has satisfied the administrative prerequisites, has received a right-to-sue letter from the EEOC, and has complied with all filing requirements.

11.     On or about April 15, 2019, Bolden filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and within 300 days of the action complained of. Bolden filed a second amended Charge of Discrimination on November 12, 2019 detailing the allegations included herein.

12.     On or about November 22, 2019, the EEOC issued Bolden a Notice of Right to Sue. Accordingly, Bolden has fully complied with all jurisdictional prerequisites to bring this action. A true and correct copy of the Bolden's Notice of Right to Sue is attached hereto and incorporated by reference as *Exhibit A*.

## FACTS COMMON TO ALL COUNTS

13.     Bolden suffers from keratoconus, a progressive eye disease that substantially limits one or more of his major life activities, including the major life activity of seeing.

14.     On or about 2005, Bolden had a cornea transplant in his right eye.

15.     On or about July 2018, Bolden began working for Defendant and remained employed with Defendant until on or about August 1, 2018, when his employment was terminated.

16.     At all relevant times from the date Defendant hired Bolden to the date Bolden's employment was terminated, Bolden successfully performed the essential functions of his job as a route sales representative and met or exceeded Defendant's reasonable job expectations.

17.     On or about July 26, 2018 during his workday, Bolden's vision in his left eye became blurred.  Bolden's left eye began to bulge, turned blue, and he experienced blurred vision and extreme itchiness. Bolden reported to the emergency room after work that same day.

3

18.     Bolden returned to work, presented a note from the emergency room, and was assigned light duty.

19.     On or about July 31, 2018 Bolden met with his ophthalmologist, who diagnosed Bolden with a corneal rupture of the left eye. The ophthalmologist recommended Bolden receive an emergency cornea transplant to his left eye.

20.     On or about August 1, 2018, Bolden returned to work. That same day he met with Defendant's General Manager, Mark Sundermeyer ("Sundermeyer") and informed Sundermeyer of his diagnosis, prior medical history, need for emergency surgery, and requested time off for surgery and recovery.

21.     That same day, and after Bolden made his request for workplace accommodations, Defendant fired Bolden.

22.     Bolden had no intention of resigning or quitting his employment on August 1, 2018. Bolden was scheduled for an emergency cornea replacement surgery and needed time off to recover from the surgery.

23.     Defendant refused to participate in any interactive dialogue with Bolden as to potential accommodations that could be made.

24.     Upon information and belief, Defendant has provided leaves of absences for other employees.

25.     Defendant engaged in illegal discriminatory and retaliatory practices described herein with malice, deliberate, and/or reckless indifference to Bolden's rights.

### COUNT I — FAILURE TO ACCOMMODATE DISABILITY

26.     Bolden incorporates by reference all preceding paragraphs as if fully stated herein.

4

27.     Bolden had a disability as defined by the ADA, keratoconus, at the time he was terminated from his employment.

28.     Bolden's history of keratoconus and his treatment for the same constitute a "record of disability" as defined by the ADA.

29.     At all times during his employment with Defendant, Bolden performed his job to the best of his ability and satisfactorily met the legitimate job expectations of Defendant, and Bolden was able to perform the essential functions of his job.

30.     Bolden informed Defendant of his disability and requested workplace accommodations due to his disability.

31.     Thus, Defendant was aware that Bolden had a disability and his request for workplace accommodations.

32.     At no point did Defendant request additional information from Bolden, contact Bolden's physicians, or otherwise engage in a timely, good faith interactive process regarding Bolden's accommodation requests.

33.     Instead, Defendant failed and refused to provide any accommodation for Bolden.

34.     Defendant failed and refused to engage in good faith discussions with Bolden concerning accommodation.

35.     Defendant failed to provide Bolden any reasonable accommodation, including but not limited to his request to be provided medical leave, as required under the ADA.

36.     Bolden would have been able to continue performing his job if his keratoconus had been reasonably accommodated by affording him additional time off work to obtain and recuperate from his emergency corneal transplant surgery.

5

Electronically Filed - Callaway - January 31, 2020 - 10:59 AM

37.     Defendant's termination and disqualification of Bolden on the basis of his disability and/or history of disability and Defendant's failure to make an individualized assessment to determine whether Bolden could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the ADA.

38.     By failing to engage in a good-faith interactive process with Plaintiff regarding his requests for reasonable accommodation, Defendant in effect, condoned, ratified, and/or authorized its supervisors' aforementioned actions and omissions against Plaintiff, and constituted unlawful employment practices under the ADA.

39.     Defendant did not, and does not endeavor to protect all its employees from discrimination. They do not conduct timely, good faith interactive processes with employees like Bolden who have requested workplace accommodations. As a consequence, employees like Bolden are discouraged from requesting workplace accommodations, and discrimination in the workplace is exacerbated.

40.     As a result, Defendant discriminated against Bolden with respect to his compensation, terms, conditions, or privileges of employment in violation of the ADA and has failed to engage in an interactive process with Plaintiff when he requested a reasonable accommodation.

41.     Bolden's supervisor was a management-level employee who knew or should have known of prohibitions against discrimination based on disability, and he did nothing to address the discrimination towards Plaintiff and failed to implement effective and appropriate procedures to stop the inequitable treatment of Plaintiff based on his disability.

42.     As a direct result of Defendants' discriminatory practices, actions, omissions, and failures to act as described herein, Bolden has sustained and continues to sustain damages,

including but not limited to economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, emotional pain, suffering, humiliation, fear, anxiety, dread, inconvenience, mental anguish, embarrassment, and deprivation of his civil rights, in addition, Bolden has incurred and will continue to incur attorneys' fees, costs and expenses of suit.

43. Defendant's failure to provide Bolden any reasonable accommodation was intentional, and done with malicious and/or reckless indifference to Bolden's federally protected rights, and violated the ADA by refusing to accommodate his disability and terminating him, despite knowing the ADA required such accommodations.

WHEREFORE, Plaintiff Alfonso Bolden respectfully requests that this Court will, after trial by jury, enter judgment against Defendant and in favor of Bolden on Count I of his Petition for Damages; award Bolden damages in such amounts to be determined at trial as is deemed fair and reasonable, including actual damages, past and future lost income, compensatory damages, punitive damages; prejudgment interest, as allowed by law; for reasonable attorneys' fees and costs of suit; for injunctive relief or other appropriate equitable relief; and for such other relief as this Court deems just, proper and as justice requires.

## COUNT II — UNLAWFUL DISCHARGE BASED ON DISABILITY

44. Bolden restates and incorporates by reference all prior allegation of this Petition as if fully set forth herein.

45. Defendants terminated Bolden's employment based upon his disability, history of disability, and/or regarded him as disabled and provided unfavorable terms, conditions and

7

privileges of employment to other employees who are not disabled, who do not have a history of disability, and/or who are not regarded as disabled.

46.     When Bolden requested accommodations from Defendant, he fully disclosed his disability.

47.     Defendant terminated Bolden's employment soon after he notified Defendant of his disability and need for reasonable accommodation.

48.     Bolden's supervisor was a management-level employee who knew or should have known of prohibitions against discrimination based on disability, and he did nothing to address the discrimination directed towards Bolden and failed to implement effective and appropriate procedures to stop the inequitable treatment of Plaintiff based on his disability.

49.     Defendant's actions and/or omissions, as aforesaid, in effect, condoned, ratified, and/or authorized the discrimination and mistreatment of Bolden, and constitute unlawful discrimination.

50.     As a direct result of Defendants' discriminatory practices, actions, omissions, and failures to act as described herein, Bolden has sustained and continues to sustain damages, including but not limited to economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, emotional pain, suffering, humiliation, fear, anxiety, dread, inconvenience, mental anguish, embarrassment, and deprivation of his civil rights, in addition, Bolden has incurred and will continue to incur attorneys' fees, costs and expenses of suit.

51.     Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of Bolden, and violated the ADA, thereby entitling him to an award of punitive damages in an amount that will punish Defendant and deter Defendant and others from like conduct.

8

WHEREFORE, Plaintiff Alfonso Bolden respectfully requests that this Court will, after trial by jury, enter judgment against Defendant and in favor of Bolden on Count II of his Petition for Damages, and award Bolden damages in such amounts to be determined at trial as is deemed fair and reasonable, including actual damages, past and future lost income, compensatory damages, punitive damages; prejudgment interest, as allowed by law; for reasonable attorneys' fees and costs of suit; for injunctive relief or other appropriate equitable relief; and for such other relief as this Court deems just, proper and as justice requires.

## COUNT III—RETALIATION

52. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Petition.

53. Defendant has engaged in unlawful retaliatory acts that are prohibited under the ADA.

54. Bolden engaged in protected activities, including but not limited to requesting workplace accommodations.

55. Soon after Plaintiff requested workplace accommodations, Defendant took adverse actions against Bolden, including but not limited to:

  (a) Defendant denied Bolden's request for accommodations;
     of termination.

  (b) Denied Bolden a timely, good faith interactive process after he requested workplace accommodations; and

  (c) Terminated Bolden.

56. Bolden's supervisor was a management-level employee who knew or should have known of prohibitions against discrimination based on disability, and he did nothing to address the

9

Electronically Filed - Callaway - January 31, 2020 - 10:59 AM

discrimination directed towards Plaintiff and failed to implement effective and appropriate procedures to stop the inequitable treatment of Plaintiff based on his disability.

57. Defendant's actions and/or omissions, as aforesaid, in effect, condoned, ratified, and/or authorized the discrimination and mistreatment of Plaintiff, and constitute unlawful retaliation.

58. As a direct result of Defendant's discriminatory and retaliatory practices, actions, omissions, and failures to act as described herein, Bolden has sustained and continues to sustain damages, including but not limited to economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, emotional pain, suffering, humiliation, fear, anxiety, dread, inconvenience, mental anguish, embarrassment, and deprivation of his civil rights, in addition, Bolden has incurred and will continue to incur attorneys' fees, costs and expenses of suit.

59. Defendants' conduct was outrageous because of its evil motive or reckless indifference to the rights of Bolden, thereby entitling him to an award of punitive damages in an amount that will punish Defendant and deter Defendant and others from like conduct. .

WHEREFORE, Plaintiff Alfonso Bolden, respectfully requests that this Court will, after trial by jury, enter judgment against Defendant and in favor of Bolden on Count III of his Petition for Damages; and award Bolden actual, compensatory, and/or punitive damages in such amounts to be determined at trial as is deemed fair and reasonable; prejudgment interest, as allowed by law; for reasonable attorneys' fees and costs of suit; for injunctive relief or other appropriate equitable relief; and for such other relief as this Court deems just, proper and as justice requires.

## **DEMAND FOR JURY TRIAL**

Bolden requests a trial by jury on all issues in this case which are so triable.

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:     (314) 932-7671
Facsimile:     (314) 932-7672
Email:         cyrus@dashtaki.com

*Attorneys for Plaintiff Alfonso Bolden*

11

## U.S. Equal Employment Opportunity Commission

20CW-CV00147

### Notice of Right to Sue (Issued on Request)

Electronically Filed - Callaway - January 31, 2020 - 10:59 AM

To: **Alfonso Bolden**
**4992 N. Irvin Loop**
**Columbia, MO 65202**

From: **St. Louis District Office**
**1222 Spruce Street**
**Room 8.100**
**Saint Louis, MO 63103**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **28E-2019-00866** | **Chad Suggs,**<br>**Investigator** | **(314) 539-7814** |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*James M Hall for*

NOV 2 2 2019

Enclosures(s)

**Lloyd J. Vasquez, Jr.,**
**District Director**

*(Date Mailed)*

cc: **Steven Friedman**
**Senior Director, Employment Practives**
**ARAMARK UNIFORM SERVICES**
**115 N. First St.**
**Burbank, CA 91502**

**Cyrus Dashtaki**
**DASHTAKI LAW FIRM, LLC**
**5205 Hampton Ave.**
**Saint Louis, MO 63109**

**EXHIBIT**
**A**

Electronically Filed - Callaway - January 31, 2020 - 10:59 AM

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

> - **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
> - In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
> - **Only one** major life activity need be substantially limited.
> - With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
> - An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
> - An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

> - An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
> - "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
> - The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
> - A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Electronically Filed - Callaway - January 31, 2020 - 10:59 AM

## SECOND AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

| CHARGE NUMBER |
|---|
| ☒ FEPA  PERFECTED |
| ☒ EEOC  28E-2019-00866 |

### MISSOURI COMMISSION ON HUMAN RIGHTS AND EEOC

| NAME | Date of Birth | HOME TELEPHONE NO. (Include Area Code) |
|---|---|---|
| Alfonso Bolden | 05/24/1978 | (573) 825-3102 |

| Street Address | City, State and Zip Code | County |
|---|---|---|
| 4992 North Irvin Loop | Columbia, MO 65202 | Boone |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than one list below*).

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| Aramark Uniform & Career Apparel, LLC | 500+ | (573) 826-4058 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | County |
|---|---|---|
| RA: CT Corporation System | Clayton, MO 63105 | Callaway |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | County |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION
☐ NATIONAL ORIGIN  ☒ RETALIATION  ☐ AGE
☒ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE (Month, day, year)
August 1, 2018
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional space is needed, attach extra sheet(s)*):

See attached narrative.

2019 NOV 14 PM12:30 ST LOUIS DISTRICT OFFICE RECEIVED

| ☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | Signature of Complainant |
| | 12 NOV 2019 |
| (Charging Party (Signature)    (Date) 11-12-19 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month and year) |

BRIANNE BLYTHE
Notary Public - Notary Seal
STATE OF MISSOURI
County of Boone
My Commission Expires 3/26/2023
Commission # 19354067

My name is Alfonso Bolden. I was employed by Aramark Uniform & Career Apparel, LLC ("Aramark") beginning in late July 2018 through August 1, 2018 as a Route Sales Representative. I have a record of impairment that affects my eyes called keratoconus. On or about 2005, I had a cornea transplant in my right eye. On or about July 26, 2018 during my shift, I experienced blurred vision and extreme itchiness in my left eye. My left eye was bulging and turned blue. After work that day, my wife drove me to the emergency room. I was referred to my ophthalmologist. I returned to work the next and was assigned light duty. I met with my ophthalmologist on or about July 31, 2018. He diagnosed me with a corneal rupture in my left eye and recommended an emergency cornea transplant surgery for August 6, 2018.

The next day, I went into work and notified the general manager of Aramark of the medical condition with my eyes, need for emergency eye surgery, and request for time off to recover from the surgery. After I asked for the workplace accommodations, all I could hear was that I was fired. I was shocked and upset.

The mistreatment I received due to my disability has caused me to suffer significant emotional distress. Being terminated made me feel that Aramark was treating me differently than other employees and that my impairment, record of impairment or being regarded as having an impairment was a factor in my termination. Upon information and belief, other employees have been assigned light duty for extended periods, been granted accommodations, and allowed extended leave. Moreover, I felt that I was retaliated against for asserting my rights to workplace accommodations and then being terminated shortly after asserting my rights.

The mistreatment and discriminatory actions based on my impairment, having a record of impairment, or being regarded as having an impairment with respect to my compensation, terms, conditions, or privileges of employment, I received from Aramark has caused me to suffer and continue to suffer substantial losses in earnings, job experience, retirement benefits, and other employee benefits that I would have received absent their discrimination. To date, I have suffered damages, and continue to suffer damages including pain and suffering, emotional distress, embarrassment, humiliation and the deprivation of my civil rights.

As a remedy, I am seeking an end to the discrimination and prejudice, that Aramark cease and desist such unlawful and discriminatory acts, that steps are taken to protect me and other employees similarly situated from the type of conduct described above, and from all other forms of discrimination in the future, compensation for lost wages, compensation for my pain, suffering, humiliation, embarrassment and anything else the Commission deems just and proper.

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

| CHARGE NUMBER |
|---|
| ☒ FEPA  PERFECTED |
| ☒ EEOC  28E-2019-00866 |

## MISSOURI COMMISSION ON HUMAN RIGHTS AND EEOC

| NAME | Date of Birth | HOME TELEPHONE NO. (Include Area Code) |
|---|---|---|
| Alfonso Bolden | 05/24/1978 | (573) 825-3102 |

| Street Address | City, State and Zip Code | County |
|---|---|---|
| 4992 North Irvin Loop | Columbia, MO 65202 | Boone |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than one list below*).

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| Aramark Uniform & Career Apparel, LLC | 500+ | (573) 826-4058 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | County |
|---|---|---|
| RA: CT Corporation System | Clayton, MO 63105 | Callaway |

| NAME | TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | County |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE (Month, day, year) |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION<br>☐ NATIONAL ORIGIN ☒ RETALIATION ☐ AGE<br>☒ DISABILITY ☐ OTHER (Specify) | August 1, 2018<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (*If additional space is needed, attach extra sheet(s)*):

See attached narrative.

> RECEIVED
> EEOC
> ST LOUIS DISTRICT
> 2019 AUG 22 PM 12: 26

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - When necessary to meet State and Local Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

Signature of Complainant

Alfonso Bolden

(Charging Party (Signature)  (Date) 08·20·2019

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month and year) 20, August, 2019  *Stephanie Nichole Ads*

STEPHANIE NICHOLE ADAMS
Notary Public - Notary Seal
STATE OF MISSOURI
County of Boone
My Commission Expires 3/16/2020
Commission # 16830757

My name is Alfonso Bolden. I was employed by Aramark Uniform & Career Apparel, LLC ("Aramark") between June 2018 through August 1, 2018 as a Route Sales Representative. I have a record of impairment that affects my eyes called keratoconus. On or about 2005, I had a cornea transplant in my right eye. On or about July 26, 2018 during my shift, I experienced blurred vision and extreme itchiness in my left eye. My left eye was bulging and turned blue. After work that day, my wife drove me to the emergency room. I was referred to my ophthalmologist. I returned to work the next and was assigned light duty. I met with my ophthalmologist on or about July 31, 2018. He diagnosed me with a corneal rupture in my left eye and recommended an emergency cornea transplant surgery for August 6, 2018.

The next day, I went into work and notified the general manager of Aramark of the medical condition with my eyes, need for emergency eye surgery, and request for time off to recover from the surgery. After I asked for the workplace accommodations, all I could hear was that I was fired. I was shocked and upset.

The mistreatment I received due to my disability has caused me to suffer significant emotional distress. Being terminated made me feel that Aramark was treating me differently than other employees and that my impairment, record of impairment or being regarded as having an impairment was a factor in my termination. Upon information and belief, other employees have been assigned light duty for extended periods, been granted accommodations, and allowed extended leave. Moreover, I felt that I was retaliated against for asserting my rights to workplace accommodations and then being terminated shortly after asserting my rights.

The mistreatment and discriminatory actions based on my impairment, having a record of impairment, or being regarded as having an impairment with respect to my compensation, terms, conditions, or privileges of employment, I received from Aramark has caused me to suffer and continue to suffer substantial losses in earnings, job experience, retirement benefits, and other employee benefits that I would have received absent their discrimination. To date, I have suffered damages, and continue to suffer damages including pain and suffering, emotional distress, embarrassment, humiliation and the deprivation of my civil rights.

As a remedy, I am seeking an end to the discrimination and prejudice, that Aramark cease and desist such unlawful and discriminatory acts, that steps are taken to protect me and other employees similarly situated from the type of conduct described above, and from all other forms of discrimination in the future, compensation for lost wages, compensation for my pain, suffering, humiliation, embarrassment and anything else the Commission deems just and proper.

EEOC Form 5 (6/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | E- 04/19-50822 |
| [ ] EEOC | 28E-2019-00866C |

**Missouri Commission On Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Alfonso Bolden | 573.825.3102 | 05/24/1978 |

| Street Address | City, State and ZIP Code | County |
|---|---|---|
| 4992 N. Irvin Loop | Columbia, MO 65202 | Boone |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Aramark Uniform Services | 15+ | 573.826.4058 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2 W. Industrial Rd. | Fulton, MO 65251 |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN [ ] RETALIATION [ ] AGE [X] DISABILITY [ ] OTHER *(Specify below.)* | 08/01/2018 [ ] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for the Respondent around June 2018. I was hired on as a Route Sales
Representative. One day while at work my eye started to swell and turn blue. I ended up having to go
to the E.R. It turns out my cornea ruptured causing my disability. In August 2018 I informed the
Respondent that I would need surgery, they discharged me.

**I believe I was discharged by the Respondent because of my disability.**

1. When I informed the Respondent I needed eye surgery they discharged me.

*FILED*
*APR 15 2019*
*MO Commission on Human Rights*
*Jefferson City Office*

**As remedy, I desire an end to the discrimination and anything else the Commission deems just and proper.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 04-15-19 X _(signature)_ Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Electronically Filed - Callaway - January 31, 2020 - 10:59 AM

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| X FEPA | AMENDED |
| X EEOC | 28E-2019-00866 |

**Missouri Commission On Human Rights** and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Alfonso Bolden | (573) 825-3102 | 1978 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4992 N. Irvin Loop, Columbia, MO 65202 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ARAMARK FULTON | 500 or More | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2 West Industrial, Fulton, MO 65251 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | RACE | | COLOR | | SEX | | RELIGION | | NATIONAL ORIGIN |
|---|---|---|---|---|---|---|---|---|---|
| X | RETALIATION | | AGE | X | DISABILITY | | GENETIC INFORMATION | | |
| | OTHER *(Specify)* | | | | | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 08-01-2018   Latest

CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

1. I began working for the Respondent in about June 2018. My position was Route Sales Representative.

2. I sustained an on the job injury resulting in my being diagnosed with a disability. In August 2018, I informed the Respondent that I would need time off for surgery. I was immediately discharged.

3. I believe that I have been discriminated against due to my disability in violation of the Americans with Disabilities Act in that I requested a reasonable accommodation for my disability and was discharged in retaliation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 07-22-19 _____ *Date* _____ *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |