**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| ALFONSO BORDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-04038-NKL |
| | ) | |
| ARAMARK UNIFORM & CAREER | ) | |
| APPAREL, INC., d/b/a ARAMARK | ) | |
| UNIFORM SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff Alfonso Borden's motion to strike affirmative defenses, Doc. 19. Plaintiff asserts that this Court should strike Defendant's affirmative defenses 1, 2, 3, 5, 6, 7, 8 and 9. For the following reasons, Bolden's motion to strike is granted in part and denied in part.

## I.    Background

Plaintiff Alfonso Bolden filed suit against defendant Aramark Unifrom Services, alleging that Aramark unlawfully discriminated against him on the basis of disability by failing to accommodate his disability, unlawfully discharging him based on his disability, and retaliating against him in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.* and the ADA Amendments Act of 2008 ("ADAAA"). Doc. 1 (Complaint). Bolden worked for Aramark as a Route Sales Support Driver from on or about July 23, 2018 to August 1, 2018. On July 26, 2018, Plaintiff experienced medical symptoms in his left eye, resulting in a diagnosis of a cornea rupture which would require a cornea transplant. On August 1, 2018, Plaintiff met with a General Manager for Aramark to discuss his medical status and his need for

emergency surgery, in addition to requesting time off for the surgery and recovery. Bolden states that Aramark then terminated his employment, though Aramark asserts that Bolden had resigned from his position.

Defendant filed their Answer to Plaintiff's First Amended Complaint which included nine "affirmative and other defenses." Doc. 11, at 12–13. Bolden subsequently filed this motion to strike, arguing that Defendant's affirmative defenses 2, 5, 6, 7, 8, and 9 should be stricken for being improper, factually deficient, or mere legal conclusions.[1]

## II.    Discussion

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure a court may strike from a pleading an insufficient affirmative defense or "any redundant, immaterial, impertinent, or scandalous matter." While courts have "liberal discretion" to strike pleadings under Rule 12(f), striking a party's pleading is an "extreme measure" that is "viewed with disfavor and infrequently granted." *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted).

Bolden argues that Defendant's affirmative defenses should be stricken because they do not plead sufficient factual bases as required under Federal Rule of Civil Procedure 8, and they are not proper affirmative defenses. Doc. 20, at 2–3. In support of his motion, Bolden asserts that the pleading standard established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) applies to the pleading of affirmative defenses. Bolden reasons that these affirmative defenses should be stricken because he has not been given fair notice and cannot reasonably respond to these defenses.

---

1.    Plaintiff also moves to strike Defendant's affirmative defenses 1 and 3, however, Defendant withdrew these defenses in their response brief. Doc. 22, at 5, 10. Accordingly, the Court need not consider these arguments.

2

At the Circuit level, only the Second Circuit has definitively addressed whether the *Twompbly/Iqbal* plausibility standard applies to affirmative defenses. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92 (2d Cir. 2019). In that case, the Second Circuit held that "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense" but that the application of this standard to affirmative defenses is a "context-specific" task. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d at 98.

In the Eighth Circuit, District judges are divided on the issue. *See, Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2019 WL 286750 (W.D. Mo. Jan. 22, 2019); *see also Cox v. Callaway Cty., Missouri*, No. 2:18-CV-04045-NKL, 2020 WL 1548065 (W.D. Mo. Mar. 31, 2020). In *Jennings*, this Court did not determine whether the *Twombly* standard applies to affirmative defenses because the outcome of the case was the same whether *Twombly* did or did not apply. Likewise, the Court decides here that its resolution of Bolden's motion to strike will be the same regardless of whether *Twombly* is or is not applied, therefore the Court need not take a position on the debate. A defendant must, at a minimum, give fair notice to the opposing party because *Twombly* "did not abrogate the notice pleading standard." *Hamilton v. Palm,* 621 F3d 816, 817 (8th Cir. 2010); *see also* 5 Fed. Prac. & Pro. § 1274 (3d ed.). Thus, the relevant question is whether merely listing an affirmative defense gives notice or something more is needed. With that in mind, the Court turns to the affirmative defenses challenged in Bolden's motion to strike.

## A. Affirmative Defense Number 2.

Defendant's affirmative defense 2 states that "Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust his administrative remedies and/or satisfy other procedural requirements." Doc. 11 (Answer), at 12.

3

Bolden's Complaint alleges that he timely filed a charge with the EEOC, that he received a right to sue letter, and that he timely filed this suit. Doc. 1-1, at 9. To the extent Defendant is seeking to deny that Bolden filed a charge with the EEOC and received a right to sue letter, this is not an affirmative defense but rather a denial. To the extent Aramark is seeking to raise some other exhaustion defect, it has failed to give notice of what that defect could be. As for the reference to "other procedural requirements, Aramark has failed to identify in even a general way, what procedural requirements it is referring to.

Accordingly, Bolden's motion to strike affirmative defense 2 is granted but Aramark is given 21 days to file an amended answer consistent with this order and Fed. R. of Civ. Proc. 11.

**B. Affirmative Defense Number 5.**

Defendant's affirmative defense 5 is as follows:

5. Aramark denies that any of its employees or agents, acting within the course and scope of their employment or agency, violated any statute, regulation, constitutional provision, common law, or public policy or caused any damage or injury to Plaintiff. Any unlawful conduct allegedly engaged in by Aramark's employees, supervisory or otherwise, was outside the scope of their employment and was contrary to Aramark's efforts to comply with any and all applicable laws.

Doc. 11, at 23.

Bolden claims that defense 5 is not an affirmative defense but merely a denial of his allegations. He is correct as to the first sentence. As for the remainder of the defense, Aramark is putting Bolden on notice that any act by its employees that discriminated against Bolden was done outside the scope of that employee's employment. This puts Bolden on notice that Aramark is contesting whether the relevant Aramark employees were operating within the scope of their employment. Bolden is aware of which Aramark employees allegedly discriminated against him, and thus is aware of which employees are alleged by Aramark to be operating outside the scope of

4

their employment. Thus, no further facts are needed to give him notice. Accordingly Bolden's motion to strike affirmative defense 5 is denied.

### C. Affirmative Defense Number 6.

Defendant's affirmative defense 6 is as follows:

> 6. Aramark cannot be liable for punitive damages because it has not acted with an improper motive or reckless disregard of Plaintiff's protected rights; and/or Plaintiff cannot prove a willful violation. An award of punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Aramark's due process and other rights under the United States Constitution.

Doc. 11, at 13.

Though styled as an affirmative defense, Defendant's defense 6 serves only as a general statement that it disagrees with Bolden's ability to demonstrate that punitive damages could be awarded in this case. Defendant's assertion without factual support that Aramark did not act with "evil motive" or "reckless indifference" is not an affirmative defense, but a statement of a disagreement of fact. To the extent that this should be interpreted as a statement of the legal insufficiency of raising a claim for punitive damages in this case, a motion to dismiss would be the proper vehicle to challenge the legal sufficiency of Plaintiff's complaint, not an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1), 12(b). Accordingly, affirmative defense 6 is stricken.

### D. Affirmative Defense Numbers 7 and 8.

Defendant's affirmative defense 7 asserts that "[t]o the extent that Plaintiff suffered any injuries, which is denied, Plaintiff failed to minimize or mitigate his damages" and the related affirmative defense 8 asserts that "[a]ny damages claimed by Plaintiff must be reduced to the extent he has in fact earned amounts in mitigation of his damages." Doc. 11, at 13.

Bolden argues that these affirmative defenses are insufficient because Defendant does not identify how or when Plaintiff failed to mitigate his damages, nor any other facts about Plaintiff's failure to mitigate his damages.

Bolden cites *Jennings* as support for the proposition that the affirmative defense of failure to mitigate should be stricken where the defense gives "no notice of what [Plaintiff] could or should have done to limit his damages." *Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2019 WL 286750, at *6, 7 (W.D. Mo. Jan. 22, 2019). Consistent with *Jennings,* the Court finds that Aramark has given insufficient notice of how Bolden failed to mitigate his damages.

Accordingly, Bolden's motion to strike affirmative defenses 7 and 8 is granted, but Aramark is given 21 days to file an amended answer consistent with this order.

### E.  Affirmative Defense Number 9.

Defendant's affirmative defense 9 asserts that "Aramark reserves the right to assert additional defenses as discovery reveals further information or as Plaintiff's claims are clarified." Doc. 11, at 13. Aramark acknowledges that what it has pleaded is not an affirmative defense. Doc. 22, at 15. A "party cannot 'reserve the right' to amend its answer once an affirmative defense is discovered." *Constr. Indus. Laborers, Pension Fund v. Wellington Concrete, LLC*, No. 4:15-CV-804 CAS, 2016 WL 1275605 *4 (E.D. Mo. March 31, 2016). Should Defendant later come to identify a relevant affirmative defense that they wish to raise, they must adhere to the appropriate procedures mandated by the Federal Rules of Evidence. *See* Fed. R. Civ. P. 15. Accordingly, Defendant's affirmative defense 9 is stricken.

### III.    Conclusion

Bolden's motion to strike Defendant's affirmative defenses, Doc. 19, is granted in part and denied in part. Aramark is given 21 days to amend its answer consistent with this order.


/s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: June 22, 2020
Jefferson City, Missouri